FILED
BILLINGS DIV.

2005 DEC 5 AM 8 33

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| GARY SALVESON<br><br>      Plaintiff,<br><br>vs.<br><br>MONTANA STATE UNIVERSITY - BILLINGS,<br><br>      Defendant. | Cause No. CV 05-133-BLG-RWA<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On October 12, 2005, plaintiff, Gary Salveson, applied to proceed *in forma pauperis* with this action. That application was granted in a separate Order.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings *in forma pauperis,* federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims,

complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Analysis

It is very difficult from the face of the complaint for the Court to determine what claims plaintiff is attempting to assert against MSUB. What is clear, however, is that plaintiff seeks monetary relief from an educational institution of the State of Montana. Such relief is impossible for the plaintiff to obtain in

federal court because under the Eleventh Amendment to the Constitution of the United States, neither a State nor one of its institutions can be sued in federal court for monetary damages. *In re Gustafson*, 934 F.2d 216 (9th Cir. 1991). MSUB, as an arm of the State of Montana, therefore is immune from suit in this case.

This deficiency cannot be cured by amendment of the complaint. Regardless what his claims are, plaintiff cannot sue this defendant in this Court for money damages.

### RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned United States Magistrate Judge **RECOMMENDS** that the complaint be dismissed without leave to amend because plaintiff seeks money damages from a defendant who is immune from such relief.

Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to this recommendation must be filed with the Court on or before December 29, 2005, or objection is waived.

The Clerk of Court shall forthwith forward a copy of this recommendation to plaintiff at his last known address.

DATED this 5th day of December, 2005.

/s/ Richard W. Anderson
Richard W. Anderson
United States Magistrate Judge