IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| **GARY SALVESON,** | ) | CV-05-133-BLG |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER ADOPTING FINDINGS** |
| | ) | **AND RECOMMENDATIONS OF** |
| **MONTANA STATE UNIVERSITY -** | ) | **U.S. MAGISTRATE JUDGE** |
| **BILLINGS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

On December 5, 2005, United States Magistrate Judge Richard W. Anderson entered his Findings and Recommendation. Magistrate Judge Anderson recommends Plaintiff's Complaint be dismissed without leave to amend because Plaintiff seeks money damages from a Defendant who is immune from such relief.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the December 5, 2005 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Anderson's Findings and Recommendation are well grounded in law and fact and adopts

1

them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Complaint (*Doc. #3)* is

**DISMISSED** without leave to amend.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 6th day of January 2006.

                                        __/s/ Richard F. Cebull_____
                                        RICHARD F. CEBULL
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF MAILING
DATE: _1/6/06_____
BY: _____
I hereby certify that a copy of
this Order was mailed to:

Gary Salveson, pro se